# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BOLIVAR MOJCOSO CHAVEZ,<br><br>        Plaintiff,<br><br>  vs.<br><br>ICE,<br><br>        Defendant | Case No.:1:12-cv-01187-DLB (HC)<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING CLERK OF COURT TO TERMINATE ACTION<br><br>[Doc. 1] |

    Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a final order of deportation. Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge. Local Rule 305(b).

    On May 11, 2005, the "Emergency Supplemental Appropriations Act for Defense, The Global War on Terror, and Tsunami Relief, 2005" was signed into law. Division B of the Act is titled "REAL ID Act of 2005." Section 106 of the Act amended Section 242 of the Immigration and Nationality Act (8 U.S.C. § 1252) so as to render a petition for review to the court of appeal the sole and exclusive means of review of an administrative order of removal, deportation, or exclusion. Section 1252(a)(5) (emphasis added) provides:

Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

In this case, Petitioner challenges the final order of deporation, which under the statute is outside of this Court's jurisdiction. Therefore, the instant petition should be dismissed. Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir.2006); Medellin-Reyes v. Gonzales, 435 F.3d 721, 723-24 (7th Cir.2006) ("Collateral proceedings filed on or after May 11, [2005], however, will be dismissed outright; the window for belated judicial review has closed.").

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED; and
2. This action is terminated in its entirety.

IT IS SO ORDERED.

Dated:   **August 2, 2012**                    /s/ *Dennis L. Beck*
                                               UNITED STATES MAGISTRATE JUDGE